# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE ALAN MORGAN,<br>　　　*Petitioner*,<br><br>vs.<br><br>DOUGLAS DRETKE,<br>　　Director of the Texas Department<br>　　of Criminal Justice - Correctional<br>　　Institutions Division,<br>　　　*Respondent*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION H-05-2176 |

## ORDER

Before the court is Steve Alan Morgan's motion for appointment of counsel in connection with his petition for habeas corpus relief (Dkt. 9). Morgan is a *pro se* habeas corpus petitioner who states that he requires court-appointed counsel because of "the complex legal issues that are difficult to understand and litigate effectively."[1] For the reasons that follow, Morgan's motion is denied.[2]

There is no right to counsel in a post-conviction habeas proceeding, unless an evidentiary hearing is required. *Irving v. Hargett*, 59 F.3d 23, 26 (5th Cir. 1995); *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979). A court, in its discretion, may appoint counsel "for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28" if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Where the legal principles governing the issues presented in a habeas petition are settled and supplemental briefing by counsel would not assist the

---

[1] Dkt. 9.

[2] A motion to appoint counsel is a nondispositive motion. *See McNary v. Norman*, 134 F.3d 374 (7th Cir. 1998) (unpublished table decision); *see also Williams v. Ehlenz*, 2003 WL 22076582, at *4 (D. Minn. 2003); *Johnson v. Maryland Div. of Corr.*, 2002 WL 32357092, at *1 (D. Md. 2002).

court and would be an inefficient use of judicial resources, appointment of counsel is not deemed to be in the interests of justice. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985).

Morgan's main habeas allegation is that he was coerced into pleading guilty to murder because he did not receive effective assistance of counsel. He also raises a number of ancillary claims based on ineffective assistance of counsel. These claims are commonly asserted in habeas petitions, and the law governing them is well-settled. *See, e.g., Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (standard for a knowing and voluntary guilty plea); *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (standard to establish ineffective assistance of counsel). In addition, a habeas corpus petition asserting claims that the petitioner was "coerced into pleading guilty, that his guilty pleas were not entered knowingly and voluntarily, and that his counsel rendered ineffective assistance" are "neither legally nor factually complex." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Furthermore, the court notes that all the underlying state criminal and habeas proceedings are fully documented in this record,[3] and no evidentiary hearing is necessary. Accordingly, the court finds that the interests of justice do not require the appointment of counsel. Morgan's motion for counsel is denied.

Signed on March 1, 2005, at Houston, Texas.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge

---

[3] *See* Dkt. 16.